Good morning, Your Honor. Please support Travis Berrick and Gary Gorski for the class plaintiffs and appellants. And the lead plaintiff is here in the court today to observe the proceedings. Thank you, counsel. If I may, Your Honor, reserve four minutes for rebuttal. Yes. Try to keep track of your time, and I'll try to, but don't count on me. Okay. Thank you. If I may have a second, please, to grab my materials. Sit. May I begin? Yes, please. Thank you. Your Honor, it's an abuse of discretion for the district court to dismiss a claim on a motion to dismiss 12b-6, especially if they've not stated any specific reason for that dismissal without leave to amend. And here that's what the district court did. They merely echoed the fake bewilderment of the defendants about what was going on here without specifying any flaws in the complaint as it was originally filed. In support of our opposition to the motion to dismiss, we filed a proposed amended complaint that included affidavits from members of the class, setting forth specific dates, times, names of officers, having copies of the citations that were issued, setting forth truly specific dates. Let me get one step beyond that. You asked for leave to amend, right? We did not. It was brought up in the hearing under oral argument. In oral argument, you said you would like to amend. Yes. And what did the district court say?  And in that colloquy, I asked the district court, if you grant us leave to amend, are we married to the proposed amended complaint that we've submitted? And he said, certainly not. So not only were we intending or intending to file an amended complaint if necessary, but we were free to add additional allegations. And after that oral colloquy, the district judge issued an order saying it was dismissed with prejudice without leave to amend? That's correct, Your Honor. Do you have anything to add to that? Add to the judge's order? Only that he read it. I said, do you have anything to add in your argument other than that statement of the facts? Does that dispose of this appeal? Well, I certainly think it should, Your Honor, that it's an abuse of discretion for a district court to dismiss without leave to amend unless they set forth the rationale for the denial. And clearly, the judge here did not set forth a rationale. He simply just, like I said, echoed the defendant's bewilderment in the order. Well, he commented on your amended complaint and said that it suffered from the same deficiencies that your original complaint did, did he not? He did, but I've not been able to find anywhere where he laid out the deficiencies in the original complaint. So merely saying that the amended complaint suffered from the same deficiencies does not specify what those deficiencies were. Well, I want to ask you a question about your 1983 allegation, because you were quite insistent at the hearing that you were not asserting 1983 claims. And now you seem to be saying you were or you will if you're remanded. If you weren't and you said you weren't, what jurisdiction did the Court have over your case? Well, the municipalities are subject to suit for constitutional violations apart from the actions of their actors. Certainly, we will add 1983 actions given leave. That's not a problem. We have plenty of specific cases, specific citations. And if the defendants who complained about our lack of 1983 want to throw their own officers under the bus, that's fine with us. We'll include 1983 actions. But let me bring the Court back. If I have answered your question. Have I answered your question? Well, I guess let me just tie it up in a bow. If you didn't assert 1983 claims, did you have a constitutional claim against any of the defendants? And I repeat, you were very insistent at the hearing that you were not asserting 1983 claims. So the judge had no rate basis for assuming that you were going to amend to assert 1983 claims because you said you weren't. And if I may give the rationale. The defendants, in our view, are one-trick ponies. And every loss, every time they get sued, they assume it's a 1983 action against their employees for specific acts. And here the central fact in our allegation is they don't train their officers. That fact alone, that allegation alone, if true, should bar dismissal on the merits because what are the consequences of their failure to train? And again, this is the public subdivisions, the political subdivisions. So if they don't train their officers and that fact is accepted as true, they cannot have probable cause to cite and prosecute. I don't feel like I've answered your question. Go ahead. This is the standard right here, FMDSS. And in the Easy Rider case, the Court was clear that, in their opinion, you only needed reasonable suspicion to stop somebody and then to issue a helmet ticket. But the whole point of reasonable suspicion is to do what? To investigate. An officer on a roadside stop must investigate the situation, the facts. He's supposed to take the standard and the helmet and look at them and say, does the helmet meet the standards? In addition, the officer should write down the make, model, year of manufacture and size. The defendants never do that. So there's no basis for a prosecutor to go forward without either a factual comparison with the standard or that critical – those critical elements of a violation. And here, they don't do that and the officer can't have probable cause because they don't train their officers. I'm just about out of time. Thank you, counsel. I reserve the remainder of my time. Good morning, Your Honors. Micah Echols here for City of North, Las Vegas, City of Boulder City and Mesquite. I'm also speaking on behalf of all the defendants. I think the threshold issue that we need to talk about is the jurisdiction that you brought up, Your Honor. I'm Judge Lynn.   If there was no 1983 claim that the defendant was guilty of a crime, made in a complaint, then there's no proper vehicle. And in our brief, we cited to the Asul Pacifico case and the Ward v. Call case, those are Ninth Circuit opinions, that said if you're going to sue state and local government entities, you have to use the vehicle of 1983. If you don't, then there's no jurisdiction because the U.S. constitutional amendments are not made against state and local government entities. Now, if the court chooses to construe the two constitutional, the Fourth and the Fourteenth Amendment claims, as arising under 1983, then we have the problem of there's really three hurdles here before we even get to the merits of the complaint. First is, was there an abuse of discretion in not granting leave to amend? There was a proposed amended complaint, as the courts recognized. Even the proposed amended complaint suffered from the same problems. We don't have a set of articulated facts. Kennedy, you can address, though, the issue that Judge Reinhart pointed out, that the judge pretty explicitly represented to the plaintiffs that they were not going to be married to the proposed amended complaint, and it sounds like they have additional things they'd like to say in a new amended complaint. Certainly, Your Honor. And so if you overcome that hurdle, then we, you know, presumably have a summary judgment standard under Rule 56 where this is a converted 12b-6 motion. No. Just stop right there. All I'm talking about is the judge says to them, before I rule on the motion to dismiss, if I determine that your proposed amended complaint is still defective, basically, he said, I will give you another chance to fix it. And then the next thing they get is an order saying this case is over. Oh, I see, Your Honor. It seems unfair. I see, Your Honor. And it did seem like at the end of the hearing he said that he was going to take that issue under advisement, that if he would allow a further amendment, then he wouldn't hold them to the first amended but allow them to allege something else. I read him as saying, first of all, it didn't sound as though he had read the proposed amended complaint. Correct. I read him as saying, if I look at it, I'm going to go review it. All right? He said, I'll take this under advisement. I'll go review the amended complaint. If I determine that that complaint, too, is deficient, I will allow you another opportunity to basically fix the problems before I send you packing. And instead, the next thing they got was this order saying the case is over. And I agree exactly, Your Honor, that that's how the transcript read. And I think what he did is once he took the whole decision under advisement, he said, you know, this is really a futility issue because he didn't see them possibly saying anything else that could overcome those deficiencies. Assuming that the court overcomes that hurdle in this case and we look to the nine affidavits, there are material problems with all those nine affidavits which can be resolved by procedure. Of the nine affidavits, there's two non-parties that are named in there. Nevada Highway Patrol, not named as a defendant. Las Vegas Metropolitan Police Department, also not named as a defendant. The actions of those non-defendants can't be imputed to the other six municipalities that were named as defendants. Now ---- Wasn't Las Vegas Metropolitan Police Department named in the amended complaint, the first amended complaint? It was in the proposed amended, Your Honor. But Nevada Highway Patrol was not. The reason why, actually during the hearing, we brought up the 1983 issue and we assumed that the claims arose under 1983 is because we wanted to assert our statute of limitations defense, which in Nevada is two years, the personal injury statute. If you go through the nine affidavits, there's issues arising from 2007, 2009, which was before the September 2011 filing of the complaint. And so all those issues would just be barred under statute of limitations issues. Can I ---- I just want to give you an opportunity to persuade me otherwise. But I'll listen to whatever you want to say about why this ---- their complaints as they stand now are defective. I'm inclined to agree with you. But I'm just stuck at the ---- as a matter of procedural fairness, when a judge says to somebody, I'll give you another chance before I dismiss the action, and then just goes ahead and dismisses it anyway without giving them that additional chance, I don't understand how you ---- are you going to defend that? Because I haven't heard you say anything that's persuaded me that we should affirm the district court now. Well, I think the problem, Your Honor, is in the vagaries of Rule 15, because there was ---- it was basically an oral motion to amend. We didn't have anything proposed as a second amended complaint. All we have in the record is the first amended complaint. Under local rules of most district courts, you're supposed to provide, you know, what it is you're going to amend. And that's one of the tradeoffs we have for oral motions to amend. So the question that we have as the defendants is, what else could he possibly say that would allow him to state a plausible cause of action? And we just don't know. Well, for one thing, he's now saying he's going to assert 1983 claims, which at the hearing he said he wasn't going to do. Now he's saying he's going to do that. And the absence of that was one of the bases for your position that the original complaint was no good. But I want to echo what Judge Wofford is saying. I mean, just to quote this so there's no question about the language, he said, If I decide that the motions to dismiss are provident, I would allow leave to amend the complaint to cure whatever deficiencies are present. In their defense, they don't know what deficiencies are present until someone tells them what deficiencies are present. Then they move to amend, and then the judge decides whether that fixes the deficiencies. We're in this realm of the hypothetical because that opportunity was never afforded to the plaintiffs. And I suppose that if this Court wants to remand to allow an opportunity to amend, that can be done. And then we could refile motions to dismiss on all the alternative grounds. Because what we did in our answering briefs is we tried to say, you know, here's the basis that Judge Proulx decided is on the Iqbal Twombly standard, and here are a variety of alternative grounds that you could also affirm on so we don't have to go down and come back. But if the Court would like to see analysis from the district court, I can understand that position. But, and I don't back off of my briefs, though, that I think that this Court still can affirm on any of the alternative grounds that we've brought up. If you go and look at the text of the affidavits, none of them would survive under statute of limitations, non-parties. There's lack of personal information in some of these. Some of them start out with, I heard. Some of them ask for civil rights violations based upon the absence of a DOT sticker, for example, on a hat, on a helmet. And we know that the absence of a DOT sticker is per se under Easy Riders v. Hannigan. That's a violation. So if they're going to get convicted, they can't challenge the validity of that conviction based upon a correct conviction. And I point the Court to Heck v. Humphreys, a U.S. Supreme Court case that says so. A couple of other points. They've talked about the failure to train allegation. In our answering briefs, we cited to City of Canton v. Harris that says there has to be a deliberate indifference element. We don't have that played anywhere in either the complaint or the proposed amended. Another problem we have here is we don't have any of the individual officers. So if we're going to go down the road of adding individual officers at some point, then we need to go through the analysis that we've also provided the Court of if there's only a with respect to some of the six municipalities, there can't be a pattern or practice. And then, of course, if we have individual officers, we'd raise qualified immunity, which I understand is getting quite a ways down the road. But as to the municipalities, they still have to show that there's a pattern or practice. They haven't alleged any pattern or practice that's expressed. If you read the allegations of the complaint, it says there's a pattern or practice through the officers under a Minnell analysis. They can't take the actions of the officers and, by responding at superior, attribute those to the municipalities. If there's any other questions, I'm happy to answer those. I can talk about some of the other things. Scalia. No, no, don't. That's enough. Thank you very much. Thank you, Your Honors. As one of our visiting judges said yesterday or the day before, you really want to snatch victory from the jaws of defeat. Thank you, Your Honor. Or defeat from the jaws of victory. I know that maxim. And I simply want to give co-counsel credit for addressing Judge Lynn's concern about original jurisdiction. And my understanding is that a constitutional tort, i.e., Bivens, is how you sue Federal agents because 1983 does not apply to them. And so that would be our suggestion, that we have the Federal court has original jurisdiction over a constitutional tort. I think we can leave all those questions to the district judge on remand. Submitted. Thank you, counsel. The case is arguably submitted.
judges: Lynn, Reinhardt, Watford